# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RICHARD LARIVIERE, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 11-40149-FDS |
| WORCESTER HOUSE OF CORRECTION, | ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons stated below, the Court (1) grants the plaintiff's motion for leave to proceed *in forma pauperis*; (2) directs the plaintiff to file an amended complaint; and (3) denies without prejudice the plaintiff's motion for appointment of counsel.

**I.   Background**

Richard Lariviere, an inmate now incarcerated at the Worcester County Jail and House of Correction ("WHOC"), filed a self-prepared complaint, a motion for leave to proceed *in forma pauperis* and a motion for appointment of counsel.

Lariviere alleges that he has received inadequate dental care at the WHOC. He alleges that he arrived at WHOC in 2007 without any dental complications. *See* Complaint, ¶¶ 4, 5. In 2010, his front teeth were damaged in a bathroom fall. *Id.* at ¶¶ 6, 7. He was not seen for several days and was told by a medical doctor that "she's not the dentist." *Id.* at ¶ 9. Laviviere was seen by a dentist several weeks later and concluded that the care he needed was beyond his expertise.

*Id.* at ¶ 10. He complains that his mouth is grossly deformed, he is in pain, and he cannot eat. *Id.* at ¶¶ 12, 13.

Lariviere represents that he has exhausted his administrative remedies. He now brings a claim under 42 U.S.C. § 1983 for a violation of his rights under the Eighth Amendment of the United States Constitution. *Id.* at ¶ 16. He names the WHOC as the sole defendant. He seeks $50,000 in damages and the repair of "all dental work." *Id.*

## II. Analysis

### A. The Motion to Proceed *In Forma Pauperis*

Upon review of the plaintiff's motion for leave to proceed *in forma pauperis* and the accompanying prison account statement, the Court concludes that the plaintiff lacks funds to prepay the filing fee. The Court will therefore grant the motion. The Court will assess an initial partial filing fee of $23.03. Plaintiff will then be obligated to make monthly payments of 20% of the preceding month's income credited to his institutional account until the statutory filing fee of $350 has been paid in full.

### B. Screening of the Action

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summons do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are also subject to screening. Both § 1915 and § 1915A authorize federal courts to dismiss a complaint *sua sponte* if the claims lack an arguable basis in law or in fact, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is

immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b). In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Here, Lariviere has failed to state a claim for relief against the WHOC. The House of Correction will be dismissed as a party to this action because it is merely a building, and is not a suable entity. *See, e.g., De La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (per curiam) (county jail not a suable entity); *Gregg v. Pettit*, 2009 WL 57118, at *9 (W.D. Pa. Jan. 8, 2009) (county correctional facility not a suable entity).

To avoid dismissal of this action, Lariviere may submit an amended complaint that names other defendants. In so doing, he must comply with Fed. R. Civ. P. 8(a). Under this rule, the complaint must, include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." *Id.* (quoting *Educadores*, 367 F.3d at 68). In other words, the amended complaint must clearly identify the alleged misconduct of each defendant. If there is more than one cause of action, the amended complaint must indicate against whom each cause of action is brought.

As noted above, Lariviere states that he brings this claim under 42 U.S.C. § 1983. Section 1983 provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

3

deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege facts from which the Court may reasonably infer that (1) that the conduct complained of was committed by a person acting under color of state law (for example, a person performing his or her duties as an employee of a state or local government) and (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the United States Constitution or other federal law. *See Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005). "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable.'" *Velez-Rivera v. Agosto-Alicea*, 437 F.3d 146, 156 (1st Cir. 2006) (quoting *Cepero-Rivera*, 414 F.3d at 129)). "In § 1983 cases, 'supervisors are not automatically liable for the misconduct of those under their command. A plaintiff must show an affirmative link between the subordinate officer and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization.'" *Id.* (quoting *Carmona v. Toledo*, 215 F.3d 124, 132 (1st Cir. 2000)). Thus, the amended complaint must clearly allege how each individual was personally involved in the denial of his request for dental care.

The amended complaint will be subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A, and summons will not issue pending screening of the amended complaint.

### C. **Motion for Appointment of Counsel**

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, a civil plaintiff lacks a constitutional right to counsel. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991).

4

Because the plaintiff needs to file an amended complaint and therefore no defendant has been served or ordered to respond, the Court will deny without prejudice the motion for appointment of counsel.

### III.　Conclusion

For the foregoing reasons, it is hereby ordered that:

1.　The motion for leave to proceed *in forma pauperis* is GRANTED and an initial, partial filing fee of $23.03 is assessed pursuant to 28 U.S.C. § 1915(b).

2.　If the plaintiff wishes to purse this action, he must, within 42 days of the date of this order, file an amended complaint that cures the deficiencies discussed above.  Failure to comply with this directive may result in dismissal of the action without prejudice.　3.　The motion for appointment of counsel is DENIED without prejudice.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:　October 5, 2011